**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 95-50042
(Summary Calendar)

ARTURO S. MARTINEZ,

Plaintiff-Appellant,

versus

SHIRLEY S. CHATER,
Commissioner of Health
and Human Services,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(94-CV-420)

(July 10, 1995)

Before DUHÉ, WIENER and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Arturo S. Martinez appeals from the district court's affirmance of the Commissioner's affirmance of

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

denial of Social Security benefits to Martinez pursuant to 42 U.S.C. § 405(g). On appeal Martinez insists that a remand to the district court for an evidentiary hearing is necessary and that the Commissioner's determination is not supported by substantial evidence. Finding frivolous the suggestion that a remand for adducing additional evidence is necessary, and finding substantial evidence in the record to support the Commissioner's decision, we affirm the rulings of the district court.

I

FACTS AND PROCEEDINGS

Martinez applied for disability benefits and Supplemental Security Income in January 1992, alleging that he had been disabled since November 7, 1991, due to diabetes, a hernia, and kidney and stomach problems. The Commissioner concluded that Martinez was not disabled and denied relief. The Commissioner also denied Martinez' request for reconsideration.

A hearing was held before an administrative law judge (ALJ) on March 6, 1993, at which Martinez was represented by counsel, and at which Martinez, his daughter, a medical expert, and a vocational expert testified. At the conclusion of the hearing, the ALJ referred Martinez to an internist for a consultative examination. After reviewing the additional evidence, the ALJ determined that Martinez was not disabled within the meaning of the Social Security Act (the Act). The Appeals Council denied Martinez' request for review, and the decision of the ALJ became the final decision of the Commissioner under 42 U.S.C. § 405(g).

2

Martinez filed suit in the district court seeking judicial review of the Commissioner's decision. The Commissioner answered the complaint and both parties filed briefs. The magistrate judge recommended that the complaint be dismissed, finding substantial evidence to support the Commissioner's determination that Martinez was not disabled. After a de novo review, the district court adopted the magistrate judge's factual findings and legal conclusions, overruled Martinez' objections to the recommendation, and dismissed the complaint. This appeal ensued.

II

ANALYSIS

A.    Legal Background

Appellate review of the Commissioner's denial of disability benefits is limited to determining whether (1) the decision is supported by substantial evidence and (2) proper legal standards were used to evaluate the evidence. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Villa, 895 F.2d at 1021-22 (internal quotations and citations omitted).

In evaluating a disability claim, the Commissioner must follow a five-step sequential process to determine whether (1) the

3

claimant is presently working; (2) the claimant's ability to work is significantly limited by a physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant cannot presently perform relevant work.  See Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991); 20 C.F.R. § 404.1520.  In this case, at the fourth step of the sequential evaluation process, the ALJ found that Martinez could perform his past relevant work.

We weigh four elements of proof when determining whether there is substantial evidence of disability:  (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history. Wren v. Sullivan, 925 F.2d 123, 126 (5th Cir. 1991).  We may not, however, reweigh the evidence or try the issues de novo. Cook v. Heckler, 750 F.2d 391, 392 (5th Cir. 1985).  The Commissioner, rather than the courts, must resolve conflicts in the evidence. See Patton v. Schweiker, 697 F.2d 590, 592 (5th Cir. 1983).

B.   Necessity of Remand

Martinez suggests that a remand is required because the consultative medical examination ordered by the ALJ failed to include blood tests and x-rays suggested by the medical expert.  At the hearing, medical expert Dr. William Daily recommended that Martinez have a follow-up examination which should include a complete blood count, SMA-20 blood chemistry tests, and chest x-

4

rays.[1]   Dr. Gregory Moore's subsequent consultative medical examination included these tests; therefore, Martinez' argument is frivolous.

Martinez also suggests that the case should be remanded so that he can have a stress test and arteriogram.  The suggestion is frivolous too.  Dr. Daily did not state that these tests were necessary to evaluate Martinez' condition.

C.   Evidence of Disability

*Age, Education, and Work History*

Martinez was 52 years old when the hearing was held.  He has only a first-grade education and is not fluent in English.  His past employment experience includes work as a machine sander and a fruit picker.  Both occupations are considered medium work.

*Subjective Evidence*

Martinez testified that he is always very tired and his back and legs hurt; that his legs are numb when he first wakes in the morning; that his shoulders hurt; and that he frequently becomes dizzy and drowsy from his diabetes.  According to Martinez, his doctor has told him that if his "sugar does not go down," he will have to take insulin shots.  He stated that he has to get up to go to the bathroom approximately eight times a night; that he sometimes has blurry vision and problems breathing; and that he

---

[1]   Dr. Daily also recommended follow-up psychological or psychiatric testing if the medical evaluation revealed no problems. Although this testing apparently never took place, Martinez does not suggest that the failure to evaluate his mental condition was error.  Accordingly, this issue is waived.  Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987); see Fed. R. App. P. 28(a)(5).

takes pills for chest pain and has problems with his bladder leaking.

Martinez grocery shops while his grandson pushes the cart. It hurts his back to bend and his hands are stiff, but he can perform small motor tasks. He stated that he washes dishes, mops and sweeps, cleans the bathroom, and cooks. He spends most of his days watching TV and resting.

Martinez' daughter, Rose Mary Pantoja, testified that Martinez used to be a hard worker who maintained his yard and car, but he can no longer do this because of his back. Ms. Pantoja and other members of her family do her parents' heavy housework and yard work because Mr. and Mrs. Martinez are unable to do it themselves.

*Objective Medical Facts*

It is undisputed that Martinez suffers from non-insulin dependent diabetes and arthritis of the spine. The extent of his impairment from these conditions is disputed.

*Physicians' Opinions*

At the hearing, Martinez introduced a report dated September 1, 1992, from Dr. Yeung Chan, his treating physician, which stated that Martinez was unable to perform any type of work because he suffered from severe arthritis of the spine. Dr. Chan's records cited a December 9, 1991, x-ray indicating degenerative spinal arthritis, but the x-ray was not submitted with his report. Dr. Chan's notes also indicated that Martinez suffered from diabetes melitis.

Martinez also introduced a report of a consultative

examination performed on March 16, 1992, by Dr. Kenneth L. Long, which stated that Martinez suffered from:

1. Alleged diabetes without documentation. No laboratory data requested. The patient is on no medication for this problem.

2. Alleged low back problems without physical or x-ray findings of significance.

3. Alleged stomach problems (mainly abdominal bloating and bowel gas) without documentation.

Dr. Long noted that x-rays revealed "normal (spinal) alignment, normal disc spaces, and . . . joints . . . within normal limits. Processes are intact. There are . . . small anterior marginal osteophytes at L3 and L4 but the lumbar spine is otherwise within normal limits."

Before Martinez testified, the medical expert, Dr. Daily, expressed his opinion that, although there was "some conflict in the medical evidence," Martinez' medical records indicated that he could perform medium work. After Martinez testified, Dr. Daily qualified his opinion by stating that, considering Martinez' testimony as credible, additional medical tests would be required to determine whether Martinez was capable of medium work.

Dr. Daily stated that Martinez' medical records were sufficient for him to express a confident opinion as to all of Martinez' claimed impairments except his complaints of fatigue. Dr. Daily opined that Martinez' diabetes could not cause the extreme symptoms of chronic fatigue that Martinez described. Dr. Daily suggested that Martinez be referred for a consultative

7

examination to determine whether he suffered from chronic fatigue syndrome. Dr. Daily found no musculoskeletal disability or indication of a coronary problem. In response to questions by Martinez' attorney, Dr. Daily qualified his prior testimony by agreeing that Martinez' diabetes could be partially responsible for his complaints of fatigue and poor bladder control; however, Dr. Daily indicated that further testing would be required to resolve the issue.

Dr. Moore performed a consultative medical exam which included the tests recommended by Dr. Daily. Dr. Moore reported that Martinez suffered from arthritis of the spine but that he had "no significant physical abnormalities nor evidence of functional limitations . . . ." He further reported that, although Martinez had a history of non-insulin dependent diabetes with a history of poor control, Dr. Moore found no evidence of end organ damage due to the diabetes.

Based on his examination, Dr. Moore determined that Martinez had no impediments to his ability to lift, carry, stand, walk, or sit; that he could climb, crouch, kneel, and crawl occasionally; and that he had no other limitations on his work-related activities. This determination supports the ALJ's finding that Martinez could perform his past relevant work as a sander or fruit picker.

Without discussing the results of the follow-up consultative medical examination, Martinez cites Dr. Daily's statement at the hearing that he would not "send [Martinez] out today to do medium

8

work," arguing that there is "no evidence" to show that Martinez can perform medium work. Martinez misses the point and misconstrues Dr. Daily's statement. Dr. Daily did not state that Martinez was incapable of medium work; he stated that without further testing he could not determine whether Martinez was capable of medium work. Thus, Martinez' argument that there is no evidence to support the finding of no disability is incorrect.

Martinez also insists that the district court erred by disregarding the evidence of his treating physician, Dr. Yeung Chan. Although not conclusive, an evaluation by the claimant's treating physician should be accorded great weight. Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994), cert. denied, No. 94-8717, 1995 WL 156211 (U.S. May 15, 1995). A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." 20 C.F.R. § 404.1527(d)(2). Even though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, "the ALJ has sole responsibility for determining a claimant's disability status." Moore v. Sullivan, 919 F.2d 901, 905 (5th Cir. 1990). "`[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'" Bradley v. Bowen, 809 F.2d 1054, 1057 (5th Cir. 1987) (citation omitted).

Dr. Chan's opinion that Martinez is totally disabled is not

entitled to controlling weight because Dr. Chan failed to provide a medical explanation for his opinion, and because Dr. Chan's opinion is inconsistent with the opinions of Drs. Long and Moore, which were based on clinical test results.

As substantial evidence supports the determination that Martinez is not disabled, the Commissioner's decision must stand. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390; Villa, 895 F.2d at 1021-22.

AFFIRMED.