IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-20725
Summary Calendar

DONNA BELINDA PETRY,

Plaintiff-Appellant,

versus

LARRY G. MASSANARI, ACTING
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. H-00-CV-2409)

December 19, 2001
Before REAVLEY, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

    Claimant-appellant Donna Belinda Petry appeals the denial of her application

for Social Security disability benefits.  We review findings of the Social Security

---

*Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5ᵀᴴ CIR. R. 47.5.4.

Commissioner for substantial evidence.  *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

Petry argued that she was disabled because of back and knee pain and because she has been diagnosed as bipolar.  However, an evaluation conducted by Doctor Mary Franklin indicated that Petry had a full range of motion and stable ligaments in her knee.   In a later evaluation Doctor Eileen Stade noted that objective test results did not indicate the source of Petry's continued discomfort in her knee.  Doctor Stade noted Petry's "attention seeking behavior with somatic complaints without objective clinical findings."  On September 8, 1997, Petry was examined at the MacGregor medical clinic, and the examining physician could find no wasting or involuntary movements in her knee.  A MRI of Petry's spine taken at the time was within normal limits, as was an EMG/nerve conduction study.

Petry relies on the diagnosis of bipolar disorder by Doctor Rukshan Azhar to support her disability claim.  But contrary evidence was provided by consulting Doctors Denney and Sharifian, both of whom concluded that Petry was neither schizophrenic nor bipolar.  After a mental health examination in 1998, doctor Glenn Sternes also did not diagnose schizophrenia or bipolar disorder.  Two separate doctors assigned Petry a Global Assessment of Functioning of over 65, which indicates an ability to work.

Although Doctor Azhar's testimony does indicate that Petry was disabled, on review of a decision to deny social security disability benefits, a finding of no "substantial evidence" is appropriate only if no credible evidentiary choices or medical findings support the decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). The medical findings of those doctors who contradict Doctor Azhar's diagnosis provide substantial evidence to support the Commissioner's decision.

AFFIRMED.