UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-30606
SUMMARY CALENDAR

———————————————

STEPHANIE LEGER

Plaintiff - Appellant

v.

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY

Defendant - Appellee

—————————————————————————————————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
(2:00-CV-2429)

—————————————————————————————————————————————————

January 31, 2003

Before REYNALDO G. GARZA, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Stephanie Leger appeals the affirmance of the Commissioner's denial of her application for

Disability Insurance Benefits and Supplemental Security Income. *See* 42 U.S.C. § 405. She argues

that (1) the administrative law judge ("ALJ") erred in concluding that her major depression was

not a severe impairment; (2) the ALJ erred in finding credible the vocational expert's testimony;

(3) the ALJ did not attach to his decision a completed Psychiatric Review Technique Form; and

———————————————

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

(4) a remand is warranted because the ALJ did not make a finding as to her ability to maintain employment.

"Appellate review of the [Commissioner's] denial of disability benefits is limited to determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 2000). The ALJ was free to weigh the conflicting evidence and conclude that Leger did not have a mental impairment that significantly affected her ability to work. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). Leger's contention that the ALJ found that she had skills which were transferable to unskilled jobs is not supported by the record.

Leger argues that the ALJ committed reversible error in not completing a Psychiatric Review Technique Form and attaching that form to his decision. The record contains a form entitled "OHA Psychiatric Review Technique Form," which is attached to the ALJ's decision. Even if the form is incomplete, Leger has not demonstrated that a substantial right has been affected. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

Leger, relying on *Watson v. Barnhart*, 288 F.3d 212, 217-18 (5th Cir. 2002), argues that the case should be remanded because the ALJ did not make a finding as to her ability to maintain employment. *Watson* does not dictate a remand as Leger presented no evidence reflecting that she could not work on a sustained basis.

Because Leger has failed to show that the Commissioner's decision was not based on the proper legal standards or that it was not supported by substantial evidence, the decision of the district court affirming the denial of benefits is AFFIRMED.