United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 7, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30600
Summary Calendar

_____

EMILY ROGERS, on behalf of Catina Rogers,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, Commissioner of Social Security,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
No. 02-CV-1435
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Emily Rogers, on behalf of her minor child, Catina Rogers, ap-
peals a judgment affirming the denial of her claim for supplemental
security income. She argues that the administrative law judge's
("ALJ's") decision is not supported by substantial evidence because
the medical expert's opinion was meaningless because of (1) the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opin-
ion should not be published and is not precedent except under the limited cir-
cumstances set forth in 5TH CIR. R. 47.5.4.

ALJ's failure to comply with the Appeals Council's remand order and (2) the expert's failure to consider Catina's asthma. Rogers also argues that the ALJ failed fully and fairly to develop the record regarding Catina's mental impairment.

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards are applied. Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995). If there is substantial evidence to support the Commissioner's findings, the findings are conclusive, and the decision must be affirmed. Martinez v. Chater, 64 F.3d 172, 173 (5th Cir. 1995).

Our review of the record reveals that the ALJ complied with the Appeals Council's order. Additionally, the record shows that the medical expert did not "factor in" Catina's asthma, because there was no recent medical evidence in the record regarding that condition. Nevertheless, in reaching his decision, the ALJ gave full consideration to all of Catina's impairments, including her asthma. In reaching his decision, the ALJ did not rely solely on the expert's report. He also relied on the medical evidence, evidence supplied by Catina's school, and testimony from Catina and her mother. The record contains substantial evidence to support the ALJ's conclusion that Catina is not disabled. See id.

According to the record, Catina has (1) a mild mental disability; (2) attention deficit/hyperactivity disorder that is controlled by medication; and (3) mild asthma. Rogers asserts that

Catina's impairments meet the requirements of 20 C.F.R. pt. 404, subpt. P, app. 1, § 112.05D.  To be disabled under that section, a claimant must have "[a] valid verbal, performance, or full scale IQ of 60 through 70 <u>and</u> a physical or other mental impairment imposing an additional and significant limitation of function."

Catina's last reported IQ test scores do not fall within the 60 to 70 range.  Rogers' argument that the ALJ should have ordered additional testing is without merit, because Rogers cannot show that she was prejudiced by the decision.  <u>See</u> <u>Carey v. Apfel</u>, 230 F.3d 131, 142 (5th Cir. 2000).  Even assuming that Catina's scores fell within the 60 to 70 range, she cannot show that her remaining impairments impose "an additional and significant limitation of function."  20 C.F.R. pt. 404, subpt. P, app. 1, § 112.05D. Accordingly, the judgment is AFFIRMED.