United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2005

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 04-11028
_____

TINA FRAMES ON BEHALF OF BOYD ROLLINS,

Plaintiff Appellant,

versus

JO ANNE B. BARNHART, Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas
(No. 3: 03-CV-0924-D)

_____

Before JONES, DEMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

On behalf of the deceased Boyd Rollins, Tina Frames appeals Social Security Administration's

denial of disability benefits. For the reasons stated below, we affirm the Administrative Law Judge's

finding that Rollins was not disabled as defined by the Social Security Act.

**I. FACTS AND PROCEEDINGS**

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Since 1992, Boyd Rollins, now deceased, suffered from intermittent seizures and depression. In 1998, at age 59, he quit his job as an auto body mechanic. He then filed an application for disability insurance benefits under the Social Security Act ("SSA") on April 27, 1999. The claim was denied, both initially and upon reconsideration, because the agency found the claimant was not disabled within the meaning of the SSA. On November 26, 1999, Rollins filed a timely petition for a hearing before an Administrative Law Judge ("ALJ"). The hearing was held June 1, 2000 in Dallas, Texas. Testimony was heard from Rollins; Kathryn Richardson, Rollins's wife; Jerold Hildre, a vocational expert; and Steven Bowens, M.D., a medical expert.

Acting pursuant to its rulemaking authority, 42 U.S.C. § 405(a), the Social Security Administration has devised a five-step process for determining whether applicants meet the SSA's disability definition. The five steps, applied in sequence, are:

1. Is the claimant working? If so, and if the work rises to the level of "substantial gainful activity," then he is not disabled.

2. Does the claimant have an impairment or combination of impairments that is "severe"?[1] If not, then he is not disabled.

3. Do one or more of the claimant's impairments meet or equal one of the "Listings" contained in Appendix 1 to the disability regulations? If so, he is disabled *per se*.

4. Does the claimant have sufficient "residual functional capacity" to return to his "past relevant work?" If so, he is not disabled.

---

[1] The regulations define a non-severe impairment as "any impairment or combination of impairments [that] does not significantly limit [the claimant's] physical or mental ability to perform basic work activities." 20 C.F.R. §§ 404.1521, 416.921.

5. Does the claimant have sufficient residual functional capacity—when considered together with his age, education, and past work experience—to do "other work" that is significantly available in the national economy?[2] If so, he is not disabled.

*See* 20 C.F.R. § 404.1520(b)-(f); *see also Greenspan v. Shalala*, 28 F.3d 232, 236 (5th Cir. 1994).

The ALJ engaged in this "sequential evaluation process" when assessing whether Rollins qualified for disability benefits. She determined that, although Rollins suffered from a "severe impairment" under the Social Security Regulations ("SSRs"), his impairment did not satisfy any of the "Listings" so that he was not considered disabled *per se*. Therefore, she considered evidence regarding his residual functioning capacity ("RFC"), a term which describes the range of work activities the claimant can perform despite his physical and mental impairments.

The ALJ concluded, that despite Rollins's physical and mental impairments,[3] the record failed to establish that his conditions precluded him from performing basic work-related activities. Among the evidence that the ALJ noted as relevant was the fact that Rollins only had sought out three consultative examinations and had produced no record of treatment for his alleged impairments. In

---

[2] If the claimant is found to be too impaired to return to his past work at step-four, then the Social Security Administration must show that "other work" is significantly available which the individual can do, in light of his age, education, and work experience. *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000) (noting that the burden of proof shifts to the Commissioner at step five). The Commissioner must also demonstrate that other suitable jobs "exist[] in significant numbers either in the region where [the claimant] live[s] or in several other regions of the country." 20 C.F.R. § 404.1566(a). If the Commissioner meets this burden, the claimant must then prove that he is not capable of alternative work. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

[3] Although the ALJ did conclude that Rollins had a "severe impairment," she noted that she did not find all of Rollins's allegations regarding the severity of his condition credible. She stated, "The claimant's statements concerning his impairment and their impact on his ability to work is not entirely credible in light of the medical history, findings made on examination, reports of his treating and examining practitioners, claimant's own testimony of his activities, and discrepancy between the claimant's assertions and information contained in the testimony and objective medical evidence and reports."

addition, the ALJ noted that Rollins engaged in a fairly active lifestyle for even the most unimpaired individual.[4] The ALJ considered his activities inconsistent with the presence of a debilitating mental or physical impairment. Finally, the ALJ considered the degree to which the occupational base was reduced by Rollins's impairments, giving weight to his age, education, and past work experience. Relying on the testimony of the vocational expert, the ALJ determined that Rollins was capable of performing a significant number of jobs in the local and national economy. Therefore, the ALJ concluded that Rollins was not disabled within the terms of the SSA.

Rollins appealed to the district court, which affirmed the ALJ's ruling. Because Rollins is now deceased, his daughter, Tina Frames, appeals to this court on his behalf.

## II. STANDARD OF REVIEW

This court's review of the ALJ's decision "is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). If there is substantial evidence to support the ALJ's findings, the ALJ's decision must be affirmed. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). "Substantial evidence is more than a scintilla, less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). In applying this standard, this court my not reweigh the evidence or substitute its judgment for that of the ALJ. *Apfel*, 230 F.3d at 135; *Ripley*, 67 F.3d at 555. Conflicts in evidence are for the ALJ to resolve. *Apfel*, 230 F.3d at 135.

## III. DISCUSSION

The SSA authorizes the payment of small monthly stipends to eligible persons, regardless of wealth, provided they meet the Act's definition of "disability." 42 U.S.C. § 401 *et seq*. The SSA

---

[4] His activities included helping with the household budget, mowing the lawn, raking leaves and walking without assistance.

defines disability as:

> Inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months
> . . . .
> For purposes of [the above definition] an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .

42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A).

## A. Social Security Rulings 82-63 and 85-15

Rollins contends that the ALJ erred in failing to consider SSR 82-63 and SSR 85-15, both of which create a presumption of disability.[5] Rollins argues that he qualified as a person of advanced age, that his educational background was limited, and that he has no transferable skills. 20 C.F.R. §§ 404.1563(e); 404.1564(b)(3). Rollins argues that under SSR 82-63 and SSR 85-15, an individual with a severe mental impairment who also faces these three impediments will generally be found to be disabled. He argues that the ALJ's failure to consider these SSRs or to reference them in her ruling mandates reversal.

---

[5] SSR 82-63 (1982) states:
Generally, where an individual of advanced age with no relevant work experience has a limited education or less, a finding of an inability to make a vocational adjustment to substantial work will be made, provided his or her impairment(s) is severe, i.e., significantly limits his or her physical or mental capacity to perform basic work-related functions. In the cases involving individuals of advanced age, the only medical issue is the existence of a severe medically determinable impairment. The only vocational issues are advanced age, limited education or less, and absence of relevant work experience. With affirmative findings of fact, the conclusion would generally follow that the claimant or beneficiary is under a disability.
SSR 85-15 (1985) states:
Example 2: Someone who is of advanced age, has a limited education, has no relevant work experience, and has more than a nonsevere mental impairment will generally be found disabled.

We disagree. The language of the rulings is permissive, and the rulings note that there *generally* should be a finding of disability where the claimant is of advanced age, has limited education, and has limited transferable skills. SSR 82-63; SSR 85-15. The ALJ, then, was within her discretion to find Rollins fell outside of the category "disabled." This finding was derived not only from the vocational expert's testimony that there were many jobs available to Rollins but also from the ALJ's assessment that Rollins's impairment fell into the definition of "severe" yet did not inhibit him from performing many activities.

Despite his age, limited education, and non-transferable skills, his RFC, in the ALJ's assessment, was high. Therefore, despite the SSRs, the ALJ's decision was supported by substantial evidence, and we affirm the denial of benefits.

**B. Whether Finding of "Slight" Impairment Was Supported By Substantial Evidence**

Rollins argues that the ALJ ignored evidence of his increasingly violent episodes and his tendency to lash out at authority figures. As the ALJ noted in her findings, however, Rollins's statements regarding these episodes are not entirely credible given the objective medical evidence on hand. The ALJ simply found the medical evidence more persuasive than Rollins's own testimony. That determination is precisely the kind that the ALJ is best positioned to make. *See Falco v. Shalala*, 27 F.3d 160, 163 n.18 (5th Cir. 1994) ("We do not sit in *de novo* review nor may we re-weigh the evidence. The ALJ enjoys the benefit of perceiving first-hand the claimant at the hearing.").

20 C.F.R. § 404.1527(d) notes that "[r]egardless of its source, [the ALJ] will evaluate every medical opinion [the ALJ] receive[s]." Based on this regulation, Rollins argues that the ALJ's failure to recount and assess the testimony of Dr. Bowens violated proper legal standards. However, the ALJ's opinion, like the ALJ opinion affirmed in *Falco v. Shalala*, provided a "pretty exhaustive list" of her findings. *See Falco*, 27 F.3d at 163. She noted that Rollins underwent "consultative [mental

health] evaluations" but there was no record of treatment by a medical health professional and no documentation of a "chronic organic mental disorder, of a two year's duration." The ALJ, therefore, complied with the regulation in that she evaluated the examination and deemed it "consultative" only and not indicative of anything more than a "slight" impairment because Rollins did not undergo any treatment as a result. *See Jones v. Heckler*, 702 F.2d 616, 622 (5th Cir. 1983) (noting that failure to seek treatment or regular medical care is relevant to the credibility of a claimant's subjective complaints). The ALJ applied the proper legal standards, and her conclusion is supported by substantial evidence.

## IV. CONCLUSION

Because the relevant SSRs are permissive and not mandatory and because the ALJ's finding of no disability is supported by substantial evidence, we AFFIRM the district court's ruling, which affirmed the ALJ's opinion.