United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11205

_____

JIM MARLOW,

Plaintiff-Appellant,

v.

JO ANNE BARNHART, Commissioner of Social Security
Administration,

Defendant-Appellee.

_____

On Appeal from the United States District Court
For the Northern District of Texas
(03-CV-81)

_____

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[1]

Jim Marlow appeals the district court's affirmance of the
Commissioner's order denying Marlow's application for social
security disability insurance benefits. Marlow argues that (1)
the ALJ should have considered the treating physician's opinion
under the six factors set forth in Newton v. Apfel, 209 F.3d 448,

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1

453 (5th Cir. 2000), and should have requested supplemental information from the treating physician; (2) the ALJ did not give proper consideration to the side effects of Marlow's pain medication; and (3) the finding of the administrative law judge ("ALJ") that Marlow retained the residual functional capacity ("RFC") to perform a full range of sedentary work was not supported by substantial evidence; (4) the finding of the ALJ that Marlow's mental impairment was not severe was not supported by substantial evidence.

This Court's review of the Commissioner's final decision to deny benefits under the Social Security Act, per 42 U.S.C. § 405(g), is limited to two inquiries:  (1) whether the proper legal standards were used in evaluating the evidence and (2) whether the decision is supported by substantial evidence in the record.  Brown v. Apfel, 192 F.3d 492, 496 (5th Cir. 1999) (citation omitted).

Marlow argues that the ALJ failed to give proper consideration to the opinion of one of his treating physicians, Michael Auringer. The ALJ gave a detailed account of Marlow's medical history, including treatment by Auringer. The ALJ was not required to give a more detailed analysis under Newton, because medical evidence from seven other physicians, as well as

2

Auringer's own records, controverted Auringer's conclusory opinion. See Shave v. Apfel, 238 F.3d 592, 595 (5th Cir. 2001); Newton, 209 F.3d at 453. Marlow has not demonstrated that the ALJ was required to request supplemental information from the treating physician, because he has not demonstrated that supplementation would have led to a different decision. See Newton, 209 F.3d at 458 (holding that reversal appropriate only if applicant shows prejudice).

Marlow contends that the ALJ failed to give proper consideration to the side effects of Williams's treatment. As reflected in the decision denying benefits, the ALJ considered Marlow's testimony regarding the side effects but found his subjective complaints to be credible only to the extent reflected in the residual functional capacity. See Crowley v. Apfel, 197 F.3d 194, 199 (5th Cir. 1999). The ALJ's credibility determination is accorded great deference. Harrell v. Bowen, 862 F.2d 471, 480 (5th Cir. 1988). Marlow has failed to produce objective medical evidence to support his subjective complaints regarding the side effects of his treatment. See Anthony v. Sullivan, 954 F.2d 289, 296 (5th Cir.1992); Selders v. Sullivan, 914 F.2d 614, 618 (5th Cir.1990).

3

Marlow argues that the ALJ's findings that he was able to engage in a full range of sedentary work activity his and that his mental impairment was not severe were not supported by substantial evidence. Marlow ignores, however, the ALJ's exhaustive examination of his medical record, including evidence from eight different treating or consulting physicians. Additionally, although Marlow argues that the ALJ ignored the recommendation of the DDS physicians in the pre-hearing stages of the proceeding, those physicians concluded that Marlow's physical limitations were not severe and that he had no exertional limitations, and that while his mental impairment was of marginal severity, it did not interfere with Marlow's ability to engage in a wide range of basic work-related mental activities. The record reveals that the ALJ's decision to deny benefits was supported by substantial evidence. See Martinez v. Chater, 64 F.3d 172, 173 (5th Cir. 1995).

AFFIRMED.