United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

––––––––––

No. 04-51029
Summary Calendar

––––––––––

REYNALDO FUENTES,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

––––––––––––––––––––––––––––––

Appeal from the United States District Court
for the Western District of Texas
No. 1:03-CV-729

––––––––––––––––––––––––––––––

Before BARKSDALE, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Reynaldo Fuentes appeals the district court's judgment affirming the determination of the

Commissioner of Social Security that he is not disabled within the meaning of the Social Security Act.

We affirm.

––––––––––––––––––––––

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

This court's review of the decision of the administrative law judge ("ALJ") "is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). If substantial evidence supports the ALJ's findings, the ALJ's decision must be affirmed. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). "Substantial evidence is something more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). In applying this standard, this court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Apfel*, 230 F.3d at 135; *Ripley*, 67 F.3d at 555. Conflicts in evidence are for the ALJ to resolve. *Apfel*, 230 F.3d at 135.

We find that the ALJ correctly applied the proper legal standards in evaluating the medical evidence; in assessing Fuentes's credibility with regard to his alleged disability, including reports of pain; and in determining Fuentes's residual functional capacity. Further, the record shows that substantial evidence supports the ALJ's determination that Fuentes at no time was disabled within the meaning of the Social Security Act. Additionally, Fuentes's case is not of the type which requires the ALJ to make a separate, specific finding that Fuentes is able to maintain employment over a significant period of time. *See Watson v. Barnhart*, 288 F.3d 212 (5th Cir. 2002). Fuentes has presented no evidence that his condition "waxes and wanes" in such a manner as to be inadequately taken into account in the ALJ's determination of residual functional capacity. *See Frank v. Barnhart*, 326 F.3d 618, 619–20 (5th Cir. 2003).

AFFIRMED.