United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 24, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

---

**No. 05-50693**
**Summary Calendar**

---

**CECIL MOORE,**

**Plaintiff-Appellant,**

**versus**

**JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,**

**Defendant-Appellee.**

---

**Appeal from the United States District Court**
**for the Western District of Texas**
**(1:04-CV-238)**

---

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Cecil Moore appeals the district court's affirmance of the determination by the Commissioner of Social Security that he was not eligible for Disability Insurance Benefits.

Concerning Moore's claim for such benefits, an administrative hearing was held in July 2003; the administrative law judge (ALJ) considered the testimony of both a medical expert and vocational expert, as well as several exhibits, including Moore's medical records since 2001, the year of his last employment. In denying

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the claim, the ALJ questioned the credibility of Moore's statements and found that, although Moore suffered severe impairments limiting him to sedentary work, Moore was *not* disabled.  The Appeals Council affirmed.  The district court held the claim properly denied.

Our review of Moore's challenges to the Commissioner's conclusion that he was *not* disabled is limited to whether:  (1) substantial evidence supports the decision; and (2) correct legal standards were used to evaluate the evidence.  42 U.S.C. § 405(g); *e.g.*, **Brown v. Apfel**, 192 F.3d 492, 496 (5th Cir. 1999). Substantial evidence requires "more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion".  **Watson v. Barnhart**, 288 F.3d 212, 215 (5th Cir. 2002).  It is the role of the Commissioner, not our court, to weigh the evidence.  **Brown**, 192 F.3d at 496.

First, Moore contends the burden of proving he would be unable to engage in either his past work, or other gainful employment, was placed improperly on him.  As the court stated, a "claimant has the initial burden of establishing a disability in the first four steps of this analysis. The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy."   (Internal citation omitted.)   The proper burden-shifting was applied. **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5 (1987); **Myers v. Apfel**, 238 F.3d 617, 619-20 (5th Cir. 2001).

Next, Moore contends the ALJ's finding of residual functional capacity, despite his severe impairment, difficulty in concentrating, and anxiety attacks, was not supported by substantial evidence. Residual functional capacity concerns Moore's ability to perform work despite his physical or mental impairments. 20 C.F.R. § 404.1545(a). As the Commissioner notes, Moore was seen by two examining physicians, both of whom stated he retained sufficient physical capacity to perform sustained work activity. The ALJ was responsible for determining Moore's residual functional capacity. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); 20 C.F.R. § 404.1546. Although the opinions and diagnosis of a treating physician are to be accorded considerable weight, the ALJ is permitted to reject a physician's opinion when the overall evidence supports a contrary conclusion. *Martinez v. Chater*, 64 F.3d 172, 175-76 (5th Cir. 1995). The ALJ properly relied on "more than a scintilla" of evidence that he could reasonably "accept as adequate to support [his] conclusion". *Watson*, 288 F.3d at 215.

Moore maintains the ALJ failed to properly evaluate his credibility and failed to consider and explain the weight given to his statements. An ALJ must explain his reasons for rejecting a disability applicant's complaints of pain, *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994), and evaluates the credibility of witness testimony, *Dir., Office of Worker's Comp. Programs v. Vessel Repair, Inc.*, 168 F.3d 190, 195 (5th Cir. 1999). We are to

3

give his determinations considerable deference. *Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir. 1988). As the Commissioner notes, the ALJ considered Moore's subjective complaints of pain and cited the requirement that he do so in his decision; and the ALJ found Moore's claims lacking in credibility, based on his review of the evidence and testimony from treating and examining physicians. Pursuant to our deferential review, we cannot say the ALJ erred in deeming Moore's statements lacking in credibility; substantial evidence supports this determination.

Moore also claims the ALJ improperly rejected the medical opinion of Moore's treating physicians and instead relied upon testimony of a medical expert witness, without providing a detailed analysis of his reasoning for doing so. Contrary to Moore's interpretation, this detailed analysis is required only "*absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist*". *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000) (emphasis added). The opinion of a treating physician is *not* given controlling weight when it is inconsistent with other substantial evidence in the record. *Spellman v. Shalala*, 1 F.3d 357, 364-65 (5th Cir. 1993). Because contrary reliable evidence existed in opposition to Moore's claims, substantial evidence supported the ALJ's decision *not* to rely on Moore's treating physicians.

Finally, Moore contends the ALJ and district court failed to consider his ability to maintain and perform tasks needed for employment, in the light of his many limitations. Moore cites *Fraga v. Bowen*, 810 F.2d 1296 (5th Cir. 1987), for the proposition that the ALJ and district court failed to consider "both the disabling effect of each of [his] ailments and the combined effect of all of these impairments" on his ability to obtain and maintain employment. *Id.* at 1305 (internal citations and quotation marks omitted). Where the record reasonably shows a disability claimant has the capacity to work, however, such a discussion of the claimant's ability to maintain employment is not needed. *Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003). Both treating and examining doctors found Moore capable of performing sedentary work. Based on this substantial evidence, no further discussion was required.

*AFFIRMED*