United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 27, 2006**

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals
## for the F ifth Circuit

_____

m 06-10664
Summary Calendar

_____

CATHERINE J. MILLER,

Plaintiff-Appellant,

VERSUS

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee

_____

Appeal from the United States District Court
for the Northern District of Texas
m 4:04-CV-789

_____

Before SMITH, WIENER, and OWEN,
   Circuit Judges.

PER CURIAM:*

   Catherine Miller applied for disability insur-

ance and supplemental security income bene-
fits, but the Commissioner of Social Security
determined that Miller was not disabled within
the meaning of the Social Security Act. Be-
cause the Commissioner's decision is in accor-
dance with law, we affirm.

I.

   Miller filed applications for disability insur-
ance and supplemental security income bene-
fits in 2000, alleging pain in her neck, shoul-

_____

* Pursuant to 5TH CIR. R. 47.5, the court has de-
termined that this opinion should not be published
and is not precedent except under the limited cir-
cumstances set forth in 5TH CIR. R. 47.5.4.

ders, and left hip; carpal tunnel syndrome; major depression; panic disorder; and anxiety. The Commissioner denied her applications.

A hearing was held before an administrative law judge ("ALJ") at which Miller, her husband, a medical expert witness, and a vocational expert witness testified. The ALJ reviewed the Commissioner's decision and determined Miller was not disabled, and the district court affirmed.

As part of his determination, the ALJ gave little weight to the opinion of Miller's treating physician, Charles Marable, that Miller was disabled and could not work. The ALJ stated:

> In reaching my conclusions, I have considered the opinions of Ms. Miller's treating physicians, including Dr. Marable, that the claimant is disabled. I am familiar with Dr. Marable in particular, and I know him to be a constant advocate for his patients. Accordingly, I therefore carefully examine his opinions and the remaining evidence in each case. While I decide each case based on the evidence before me, I am mindful that I need to look closely at any opinion rendered by Dr. Marable. In this case, I did not find his opinions convincing or supported, to the degree he has found that the claimant is unable to engage in any work activity. Hence, I gave his opinions little weight.

## II.

We review the Commissioner's decision to deny social security benefits only to determine whether the final decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Miller argues the ALJ erred by according little weight to Marable's opinion, claiming it should have been given great weight because it was supported by substantial evidence. Additionally, she urges that the ALJ erred by using information outside the record in determining the weight to accord Marable's opinion. Miller does not contend that substantial evidence does not support the Commissioner's decision, so we review the decision to determine whether it is in accordance with law.

The ALJ did not err by according little weight to Marable's opinion; the ALJ's decision was in accordance with law. Miller is correct that treating physician's opinions should be given great weight. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) (citing *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994)). Also, "[a] treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence.'" *Id.* (quoting 20 C.F.R. § 404.1527(d)(2)).

We have distinguished, however, between the weight given to a treating physician's medical opinion on the nature and severity of an impairment and his opinion on whether the patient is disabled and cannot work. We do not require that an ALJ justify a decision to give little weight to a physician's opinion that a patient is disabled or unable to work, because such decisions are reserved for the Commissioner. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). An ALJ need not give special weight to treating physicians' opinions if they have no special significance. "Among the opinions by treating doctors that have no

special significance are determinations that an applicant is 'disabled' or 'unable to work.' 20 C.F.R. § 404.1527(e)(1). These determinations are legal conclusions that the regulation describes as 'reserved to the Commissioner.'" *Id.*

The ALJ gave little weight to Marable's opinions that Miller was disabled and unable to workSSthe two opinions that *Frank* states have no special significance and need not be given any weight. The ALJ specifically explained that he gave little weight to Marable's opinion "that the claimant is disabled" and that "the claimant is unable to engage in any work activity." Because *Frank* makes plain that an ALJ need not give special weight to conclusions about disability or ability to work, the ALJ did not err. Even if Marable's opinions were supported by substantial evidence, as Miller stresses, the ALJ was not required to give them special weight.

Miller's argument that she was prejudiced because the ALJ looked to evidence outside the record to reject Marable's opinion on disability also fails. Even if the ALJ considered an extrajudicial source, the consideration did not result in a decision on the merits on that basis, because the ALJ was not required to give Marable's opinion about Miller's disability any special weight and because disability is an issue reserved for the Commissioner to decide.[1] Whether Miller was disabled was never Marable's question to answer.[2]

AFFIRMED.

---

[1] *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.").

[2] Miller cites *Oshkeshequoam v. Barnhart*, 274 F. Supp. 2d 985, 999 (C.D. Ill. 2003), to support her contention that she was improperly prejudiced as a result of the ALJ's bias. That court, however, did not hold that an ALJ's bias improperly prejudices an applicant. The court rejected the ALJ's finding that a treating physician was biasedSSit did not even involve an ALJ's being biased. *See id.* ("ALJ Welsch reiterates ALJ Lipe's statement that Dr. Mack should not be found to be credible because he 'tries to give his patients a break.' However, there is no evidence in the record that Dr. Mack is biased in favor of Plaintiff, other than the fact that Dr. Mack has concluded upon his extensive, long-care treatment of Plaintiff that she is disabled.").