**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2011

No. 10-51002
Summary Calendar

Lyle W. Cayce
Clerk

JANICE K. VANSA,

Plaintiff - Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CV-574

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff Janice Vansa filed claims for Disability Insurance Benefits and Supplemental Security Income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.*, alleging that her obesity, diabetes, and hypertension render her unable to work. The Social Security Administration denied her claims. An Administrative Law Judge ("ALJ") affirmed the denial,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-51002

concluding that Vansa retained residual functional capacity to perform semi-skilled sedentary and light work. The district court agreed. Because the Social Security Commissioner applied the proper standard and relied on substantial evidence, we AFFIRM.

In the months leading up to her initial disability claim on October 31, 2005, Vansa underwent a litany of medical examinations and treatments. Her ailments apparently began in 2003, when she first was diagnosed with diabetes. In August 2004, she weighed 236 pounds during an examination at the Hill Country Family Health Specialists ("HCFHS"). She made approximately nine additional trips to the HCFHS doctors during the remainder of 2004. By December 2004, Vansa's weight had increased to 250 pounds, and her diabetes remained uncontrolled. She continued receiving treatment, visiting HCFHS a dozen times in 2005 leading up to the filing of her disability claim. She also consulted with doctors at the Austin Diagnostic Clinic and elsewhere. But her problems continued: on November 5, 2005, she weighed 285 pounds – almost 50 pounds heavier than her reported August 2004 weight.

On January 3, 2006, the State Agency Medical Consultant, Dr. Moira Dolan, completed a physical residual functional capacity analysis. Dr. Dolan concluded, among other things, that Vansa suffered from no limitations in exertional, postural, manipulative, visual, communicative, or environmental functioning. Around that time, Vansa consulted with Dr. Kumar Sathlanathan. Dr. Sathlanathan wrote in a July 20, 2006, letter that Vansa "suffers from poorly controlled diabetes and morbid obesity" and that her purported disability "will not improve in the foreseeable future."

After the Social Security Administration denied Vansa's claims, she took her case to an ALJ. During her administrative hearing on April 1, 2007, Vansa testified that she was unable to work due to sluggishness and non-functioning

in her hands and feet.  She complained further of blurred vision, trouble walking, tiredness, and various problems relating to her fluctuating blood sugar level.  She testified that she lived with her aunt and did no house work.  She testified that she could drive a car, grocery shop, wash dishes, and cook.  A vocational expert, Donna Eagar, testified that even with her ailments, someone with Vansa's limitations would be able to perform Vansa's previous jobs as an order taker, office clerk, telecommunicator, membership salesperson, or furniture salesperson, even if that individual needed to elevate her legs for one hour per day over the course of the day.

Following the hearing, the ALJ determined that Vansa was not entitled to benefits under the Social Security Act.  Applying the five-step rubric used in disability cases, *see* 20 C.F.R. § 404.1520(b)-(f), the ALJ concluded at step 4 that Vansa retained residual functional capacity to perform a number of tasks relating to lifting, carrying, standing, walking, sitting, pushing, pulling, handling, and fingering.  Relying in part on testimony from Donna Eagar, the ALJ found that Vansa could perform her past work, and therefore was not disabled under the Social Security Act.  Vansa appealed to the district court. After carefully reviewing the record, the magistrate judge concluded in a lengthy opinion that the ALJ's decision was supported by substantial evidence and based on the proper legal standard.  The district court adopted the magistrate judge's recommendations.  Vansa timely appealed to this court which has jurisdiction pursuant to 28 U.S.C. § 1291.

On appeal, Vansa raises three arguments.  First, she claims the ALJ erred in failing to consider the impact of obesity on Vansa's ability to work in accordance with Social Security Ruling 02-01p.  That Ruling directs the Commissioner to consider any applicable functional limitations imposed by obesity when assessing a claimant's abilities and limitations. Ruling 02-01p also

notes explicitly that individuals with obesity do not necessarily have any occupational impairments. Vansa claims that the ALJ's determination as to her walking and standing abilities failed to account, for example, for the "fatigue and painful feet" connected to her morbid obesity. Vansa is mistaken. The ALJ's opinion clearly considered Vansa's testimony as to her medical problems and determined that Vansa's "statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible." In light of the strong evidence in the record that Vansa is not disabled, we will not upset the ALJ's credibility determination.

Second, she argues that the ALJ's decision is inconsistent with the opinions of Vansa's treating doctors. We are not persuaded that the ALJ's decision actually conflicts with the opinions of Vansa's physicians, but even if it did, the ALJ is not required to credit a claimant's treating physicians against all evidence to the contrary, nor is the ALJ required to rely on a doctor's opinion as to whether someone is "disabled" within the meaning of the Social Security Act. *See, e.g.*, *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) ("Even though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, the ALJ has sole responsibility for determining a claimant's disability status. The ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion" (internal quotations and citations omitted).). The ALJ noted that Dr. Dolan's opinion "was made without the benefit of the entire record" and was inconsistent with Vansa's complaints. The ALJ determined further that Dr. Sathlanathan's opinion "is not supported by the objective findings of his own clinic notes nor by the evidence as a whole." We have reviewed the record, and conclude that the ALJ's decision was justified, any disagreements with Vansa's treating physicians notwithstanding.

No. 10-51002

Finally, Vansa claims that the ALJ's decision is not based on substantial evidence or the proper legal standard with regard to the vocational findings. It is well established that the "Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). We have reviewed the record carefully and conclude that the ALJ applied the correct legal standard and reached a decision supported by substantial evidence.

The judgment of the district court is AFFIRMED.