# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50109
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 9, 2019

Lyle W. Cayce
Clerk

TABATHA R. CONLEY-CLINTON,

    Plaintiff - Appellant

v.

ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,

    Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CV-618

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Tabatha R. Conley-Clinton, proceeding pro se, appeals the district court's judgment affirming the decision of the Commissioner of Social Security and denying all of her claims against Defendant-Appellee. We AFFIRM.

Tabatha R. Conley-Clinton filed a Title II application for disability insurance benefits, alleging she became unable to work beginning October 16,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50109

2012. After the Social Security Administration denied her application initially and again on reconsideration, Conley-Clinton requested an administrative hearing. On March 23, 2015, Administrative Law Judge (ALJ) Peri Collins conducted a hearing at which Conley-Clinton appeared. On June 30, 2015, the ALJ issued a decision concluding Conley-Clinton had not been under a disability, as defined in the Social Security Act (the Act), from October 16, 2012, through the date of the decision. On March 17, 2017, the Appeals Council denied Conley-Clinton's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Having exhausted her administrative remedies, Conley-Clinton filed a complaint in federal district court seeking judicial review of the administrative proceedings pursuant to 42 U.S.C. § 405(g).

After fully considering Conley-Clinton's filings, the magistrate judge issued a sixteen-page report recommending that the district court affirm the decision of the Commissioner. The magistrate judge analyzed Conley-Clinton's claims and concluded there was substantial evidence in the record to support the Commissioner's decision.[1] Conley-Clinton filed written objections to the magistrate's report and recommendation. Nevertheless, after reviewing the report and recommendation *de novo*, the district court overruled Conley-Clinton's objections; adopted the magistrate's report and recommendation as its own order; and, entered final judgment affirming the decision of the Commissioner and denying all requested relief in Conley-Clinton's complaint.

---

[1] Although not facially apparent, liberally construing Conley-Clinton's allegations, the magistrate judge identified Conley-Clinton's claims as follows: the ALJ erred when she (1) found that Conley-Clinton did not meet or equal the impairments in Listing 1.04; and (2) improperly determined Conley-Clinton's residual functional capacity (RFC). In her brief filed with this court, Conley-Clinton does not indicate any argument with respect to whether proper legal standards were used in evaluating the evidence.

No. 19-50109

This appeal followed. Our review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence in the record; and (2) whether the proper legal standards were used in evaluating the evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *see* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa*, 895 F.2d at 1021-22 (internal quotations and citations omitted). In applying the substantial evidence standard, we must carefully examine the record for the presence of such evidence; however, we may neither reweigh the evidence nor substitute our judgment for that of the Commissioner. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ uses a five-step sequential analysis in evaluating claims of disability. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). As part of this analysis, the ALJ assesses the claimant's RFC, which is the most the claimant can do despite her physical and mental limitations based on all relevant evidence in the claimant's record. *Id.* at 461-62 (citing 20 C.F.R. § 404.1545(a)(1)).

Here, the ALJ, after careful consideration of the entire record, concluded that Conley-Clinton had the RFC to perform light work for which jobs exist in significant numbers in the national economy. Accordingly, Conley-Clinton was

not disabled under the meaning of the Act. In determining whether there is substantial evidence of disability, we weigh four elements of proof: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez*, 64 F.3d at 174. On appeal, Conley-Clinton alleges the ALJ erred by rejecting her treating physician's opinion and failing to consider certain medical impairments in her RFC assessment. These arguments are without merit.[2]

Conley-Clinton contends that the ALJ's RFC determination is not supported by substantial evidence.[3] We disagree. The ALJ determined that Conley-Clinton's medical impairments could reasonably be expected to cause the alleged symptoms; however, Conley-Clinton's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible. In coming to this conclusion, the ALJ properly considered Conley-Clinton's treatment records, activities of daily living, weight, and administrative findings made by the state agency. Based on this evidence, the ALJ concluded that Conley-Clinton experienced no greater than, at most, mild to moderate functional limitations upon the ability to perform basic work activities as described in 20 CFR 404.1521(b) and 20 CFR 921(b). Having carefully examined the record, we find substantial evidence exists to support this conclusion. Ultimately, the ALJ's RFC determination, in conjunction with

---

[2] Although we afford liberal construction to filings by pro se litigants, Conley-Clinton does not identify any particular physician or medical opinion that she contends the ALJ mistakenly rejected. Our court has deemed such claims may be waived for inadequate briefing. *See Perez*, 415 F.3d at 462 n.4 (citing Fed. R. App. P. 28(a)(9)(A)). Moreover, upon review of the record, we found no evidence to support Conley-Clinton's claim of error. This argument, therefore, fails. We now turn to Conley-Clinton's allegation that the ALJ erred in her RFC determination.

[3] Again, this is a liberal construction of Conley-Clinton's allegations based on her statements that the ALJ failed to consider "how weight affects the claimant," the "intensity, persistence[,] and limiting effects of the symptoms," and the "impairment of the foot."

Conley-Clinton's vocational profile, support the Commissioner's decision that Conley-Clinton had not been under a disability, as defined by the Act.

We find the Commissioner's decision is supported by substantial evidence, and proper legal standards were used in evaluating that evidence. Accordingly, the judgment of the district court is AFFIRMED.