# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 10, 2010

No. 09-31125

Lyle W. Cayce
Clerk

WILLIAM A. HOLIFIELD,

Plaintiff - Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-7702

Before JONES, Chief Judge, and REAVLEY and HAYNES, Circuit Judges.

PER CURIAM:[*]

William A. Holifield appeals from the district court's judgment affirming the denial of his application for social security disability benefits under Titles II & XVI of the Social Security Act.  We affirm.

## I.

## A.

On July 10, 2002, William A. Holifield filed for disability benefits under Titles II and XVI  of the Social Security Act ("SSA").  In both applications,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31125

Holifield alleged disability since April 30, 2002, citing back and leg problems, leg and shoulder numbness, and left leg weakness. After the claims were initially denied, a hearing was held before an Administrative Law Judge ("ALJ"), who denied Holifield's application on December 18, 2003. After the case was remanded by the district court based upon an unopposed motion by the Agency, the case was reheard by a different ALJ on February 12, 2007. The ALJ denied the application at step 4 of the disability evaluation process. The ALJ's decision became the final decision of the Commissioner.

Holifield then sought review in the district court, which affirmed the Commissioner's decision. Holifield now appeals.

## B.

On appeal, Holifield raises five issues, all of which relate to the ALJ's evaluation of the medical opinions of Dr. Thomas Purser, Holifield's treating physician. Dr. Purser completed two attorney-generated lists of questions that tracked the statutory language of disability. He marked the forms with a series of check-marks indicating that Holifield bore the symptoms of nerve root compression and was not capable of a full range of sedentary work.[1]

At the 2003 hearing, a medical expert, Dr. Leon Weisberg, testified that he found no objective evidence of nerve root compression in the medical record. Another treating physician, Dr. Brian Fong, indicated that Holifield had negative straight-leg raising, intact strength, and intact reflexes–all of which were contrary to the conclusions of Dr. Purser. Two MRIs similarly failed to

---

[1] Sedentary work involves sitting for about six hours out of an eight hour work day and occasionally lifting items weighing no more than 10 pounds. *Ripley v. Chater*, 67 F.3d 552, 557 n.25 (5th Cir. 1995). Dr. Purser indicated, among other things, that Holifield was incapable of sitting for six hours in an eight hour day.

No. 09-31125

disclose the presence of nerve root compression. Consequently, the ALJ declined to give Dr. Purser's opinions controlling weight, and instead found that while Holifield did suffer from back and shoulder disorders, he was still capable of performing past relevant work as a truck driver and thus not disabled within the meaning of the SSA.

## II.

In reviewing the Secretary's eligibility determination, the court considers only whether the Secretary applied the proper legal standards and whether substantial evidence in the record supports his decision. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court may not reweigh the evidence or substitute its own judgment for that of the Secretary. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

## III.

In order to receive disability benefits, claimant must prove he is disabled within the meaning of the Social Security Act ("SSA"). *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). In evaluating a claim of disability, the Secretary conducts a five-step sequential analysis to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The claimant bears the burden of showing he is disabled through the

3

No. 09-31125

first four steps of analysis; the burden shifts to the Secretary for the fifth step. *Id.* at 448. If the Secretary can determine whether the claimant is disabled at any step, the inquiry is terminated. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).

Prior to determining at steps 4 and 5 whether claimant can do other work, the Secretary must determine claimant's residual functional capacity ("RFC"). *Id.*; 20 C.F.R. § 404.1520(a). An RFC determination is essentially a conclusion about what a claimant may still do despite his impairments. *Perez*, 415 F.3d at 462; 20 C.F.R. § 404.1545(a)(1). Here, the ALJ determined that Holifield's RFC was such that he remained able "to lift and/or carry 50 pounds occasionally and 25 pounds frequently; to sit for 6 hours in an 8-hour workday; and to stand and/or walk for 6 hours in an 8-hour workday." Based on this determination, the ALJ found that Holifield could perform his past duties as a truck driver and thus was not disabled under step 4.

**A.**

Holifield argues on appeal that, in arriving at this RFC determination, the ALJ erroneously substituted his own medical opinion for that of Dr. Purser, who indicated Holifield was incapable of a full range of sedentary work. This challenge is meritless.

This court has indicated that the opinion of a treating physician who is familiar with a claimant's medical condition should generally be accorded considerable weight in determining disability. *Perez*, 415 F.3d at 465-66. In fact, a treating physician opinion may even be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." *Newton*

4

No. 09-31125

v. *Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) (internal quotation marks omitted). Simply identifying a treating physician as the source of a medical opinion will not, however, automatically entitle that opinion to such weight. Rather, the ALJ is free to assign little or no weight to the opinion of any physician for good cause. *Id.* at 455-56. Good cause arises where statements are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. *Perez*, 415 F.3d at 466; *Newton*, 209 F.3d at 456. Consequently, treating physicians' opinions are not only not conclusive in these proceedings, *Perez*, 415 F.3d at 466, but may be rejected when the evidence supports a contrary conclusion. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995).

In this case, the ALJ did not err in discounting the probative value of Dr. Purser's medical opinions, which, as noted above, were not only conclusory and unsubstantiated, but actually contradicted by objective medical evidence in the record. Moreover, Dr. Fong, a treating physician, made findings inconsistent with Dr. Purser's conclusions following a physical examination of Holifield. And since Holifield provided no other reliable evidence proving he was limited to less than a full range of sedentary work, the ALJ did not err by declining to give Dr. Purser's opinions controlling weight.

Of course, RFC findings must be supported by substantial evidence in the record. *See Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In fact, the ALJ has a duty to develop the record before determining that a claimant is not disabled. *Id.*; 20 C.F.R. § 404.1545(a)(3). This duty, however, must be balanced against the fact that claimants bear the burden of proof up through step 4 of the evaluation process, *Audler*, 501 F.3d at 448.

No. 09-31125

In this case, the record is devoid of reliable medical evidence supporting Dr. Purser's conclusion concerning Holifield's ability to work. In fact, the first ALJ to hear Holifield's case in 2003 explicitly called into doubt the reliability of Dr. Purser's conclusions, since they were contradicted by objective medical evidence on record. Holifield had ample opportunity to supplement the record with any additional evidence available but failed to do so at the second hearing four years later. So even if we assume *arguendo* that the ALJ erred in not further developing the record, Holifield cannot show prejudice, which would be necessary for reversal. *Ripley*, 67 F.3d at 557. Consequently, since Holifield had a fair opportunity to supplement Dr. Purser's conclusions with additional reliable evidence–but failed to do so–he failed to meet his burden of showing he was unable to return to his past relevant work.[2] The ALJ did not err in finding Holifield capable of his past relevant work, and this conclusion was supported by substantial evidence in the record.

**B.**

Holifield's second argument on appeal–that the ALJ improperly rejected Dr. Purser's finding that Holifield met Listing 1.04A at step 3–is similarly unavailing. As noted above, the ALJ acted within his discretion in declining to give controlling weight to Dr. Purser's opinion because it was not only unsupported, but actually contradicted, by the objective evidence of record.

---

[2] Without specifying the date, Holifield noted in his brief that Dr. Purser passed away sometime during these proceedings. But even if Holifield could not have obtained any additional evidence relied upon by Dr. Purser, Holifield was not prevented from seeking reliable medical evidence elsewhere to support Dr. Purser's conclusions.

No. 09-31125

**C.**

Holifield next contends that the ALJ committed reversible error by not re-contacting Dr. Purser to obtain additional information as allegedly required by 20 C.F.R. § 404.1512(e)(1).  This court has stated that "if the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, *absent other medical opinion evidence based on personal examination or treatment of the claimant*, the ALJ must seek clarification or additional evidence from the treating physician in accordance with 20 C.F.R. § 404.1512(e)."  *Newton*, 209 F.3d at 453 (emphasis added).  Because the record in this case contains medical opinion evidence from treating physicians–namely, treatment records from Drs. Fong and Culasso–the ALJ had no duty to recontact Dr. Purser.

**D.**

Holifield argues that the ALJ erred by rejecting Dr. Purser's opinions without performing "a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)."  This court has interpreted 20 C.F.R. § 404.1527(d)(2) to mean that, "*absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist*, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)."  *Newton*, 209 F.3d at 453 (emphasis added).  Since the record is replete with reliable medical evidence controverting Dr. Purser's opinions, the ALJ had no obligation to perform a detailed analysis before rejecting his opinions.

No. 09-31125

**E.**

Finally, Holifield contends that the ALJ failed to afford Dr. Purser's opinion *any* weight and that this constitutes reversible error. This issue is easily dismissed. Since ALJs are free "to reject the opinion of any physician when the evidence supports a contrary conclusion," *Martinez*, 64 F.3d at 176 (internal quotation marks omitted), the ALJ did not err in stating that he would give "little weight" to Dr. Purser's opinions.

**IV.**

For these reasons, the judgment of the district court is **AFFIRMED**.