# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2012

Lyle W. Cayce
Clerk

No. 11-30975

JOYCE DARLENE JONES,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana

Before REAVLEY, SMITH, and CLEMENT, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The Commissioner of Social Security determined that Joyce Jones was ineligible for disability benefits, and the district court agreed. On appeal, Jones argues that the administrative law judge ("ALJ") improperly disregarded evidence from one of her treating physicians without re-contacting him to obtain further documentation. Because (1) the ALJ had no duty to re-contact that physician where the record contained sufficient evidence from other physicians and (2) any error was harmless even if the ALJ were required to re-contact the

No. 11-30975

doctor, we affirm.

I.

Jones applied for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The ALJ determined that she was entitled to SSI but denied DIB; the Appeals Council agreed. Jones sought judicial review in the district court, which upheld the Commissioner's decision.

Jones was last insured for disability benefits on December 31, 2005, so to receive DIB, she must establish disability on or before that date. She filed her initial application in 2004, but that application was denied in April 2005. She requested a hearing, which was conducted in June 2007. The ALJ issued an adverse decision finding that Jones's ailments were severe impairments but did not meet or equal the requirements of any listed impairment.

After consideration of the medical evidence and the record as a whole, the ALJ found that beginning on April 16, 2007, Jones had the residual functional capacity ("RFC") to lift and carry ten pounds occasionally, stand and walk two hours in a workday, sit six hours in a workday, with the ability to push and pull limited by the weight she was able to lift and carry. The ALJ found that Jones was able to perform detailed but not complex work activities and was able to perform tasks requiring no more than limited interaction with the public. He also found that given Jones's age, education, work experience, and RFC, there were not a significant number of jobs in the national economy that she could perform. Therefore, the ALJ found that beginning April 16, 2007, Jones was disabled and entitled to SSI.

The ALJ found, however, that before that date, Jones had the RFC to lift and carry ten pounds frequently and twenty pounds occasionally, to stand and walk six hours in a workday, and to sit six hours in a workday. Again, the ALJ found that Jones was able to perform detailed but not complex work activities

No. 11-30975

and was able to perform tasks requiring no more than limited interaction with the public.  Because the ALJ found that Jones was unable to perform her past relevant work, he enlisted the testimony of a vocational expert to determine whether there were other jobs that Jones could perform. Based on the evidence in the record and the testimony of the vocational expert, the ALJ found that Jones could perform other jobs existing in significant numbers in the national economy, so she was not disabled within the meaning of the Social Security Act at any time before April 16, 2007.  Because she was not disabled on the date she was last insured for disability benefits, she was not entitled to DIB.

## II.

In reviewing the Commissioner's eligibility determination, a federal court considers only whether the Commissioner applied the proper legal standards and whether substantial evidence in the record supports his decision. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  A court will reverse the ALJ's decision as not supported by substantial evidence if the claimant shows that (1) the ALJ failed to fulfill his duty to develop the record adequately and (2) that failure prejudiced the plaintiff.  *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996).

Jones contends that the ALJ did not satisfy that duty, because he failed to order more medical records from Dr. Henry Young, one of Jones's physicians. Jones supplied a two-page checklist from Young indicating his opinion that Jones suffered from a variety of ailments, partially contradicting some of the ALJ's conclusions.[1]  The ALJ gave no weight to Young's checklist, because it was

---

[1] Young checked boxes indicating that Jones was unable to carry ten pounds frequently or twenty pounds occasionally, stand or walk six hours a day, or sit six hours a day.  He also checked "no" on the line asking whether any of his answers on the sheet would have been different at any time during the time he treated Jones, which Jones contends extends to the time she was covered by disability insurance.  We assume for purposes of argument that Young was a treating physician and did in fact treat Jones before her disability insurance expired.

conclusional and was supported by no objective evidence.[2]  Jones argues that 20 C.F.R. § 404.1512(e)(1) (eff. Aug. 1, 2006, to June 12, 2011) required the ALJ to contact Young to ensure that he did not have any more records that might lend support to his conclusions.  Because the record contained ample objective and opinion evidence supporting the ALJ's conclusions, however, he was not required to develop the record further by contacting Young.  *Cornett v. Astrue*, 261 F. App'x 644, 648-49 (5th Cir. 2008) (per curiam).

The regulation Jones cites does not require the ALJ to order more evidence where the record is sufficient to establish whether the claimant is disabled.  The Commissioner is required to recontact a medical source "[w]hen the evidence . . . from [the] treating physician or psychologist or other medical source is inadequate for [the Commissioner] to determine whether [the claimant is] disabled." 20 C.F.R. § 404.1512(e) (eff. Aug. 1, 2006, to June 12, 2011).  Evidence from other treating sources can suffice to allow the ALJ to determine whether the claimant is disabled.[3]  The ALJ is required to request more documentation only where there is no relevant evidence from other treating sources.

That is not the case.  The ALJ had hundreds of pages of records from Jones's previous application and ninety-three pages of supplementary records from seven different physicians that Jones had submitted by the time of her hearing.  The records included objective evidence on which the ALJ's report relies most heavily: an MRI from 2005 and x-rays from 2006 provided by Jones's

---

[2] The ALJ's report states, "The claimant's representative has also submitted a medical source statement, dated June 11, 2007, from Henry T. Young, M.D.  There are no progress notes, however, and no other evidence to indicate whether Dr. Young is a treating source.  No weight has been given the opinion of Dr. Young."

[3] *See Cornett*, 261 F. App'x at 649 ("[T]he ALJ's need to contact a medical source arises only when the available evidence is inadequate to determine if there is a disability."); *Holifield v. Astrue,* 402 F. App'x 24, 27 (5th Cir. 2010) ("Because the record in this case contains medical opinion evidence from treating physicians . . . the ALJ had no duty to recontact [the doctor that submitted the unsubstantiated report].").

treating physicians. The ALJ also relied on the fact that Jones's physicians had prescribed her pain medication meant to treat only mild to moderate pain, Jones's acknowledgment at her hearing that she had the ability to do laundry and some housework, and a treating physician's opinion from 2005 that Jones had good range of motion in her hands, wrists, elbows, shoulders, hip, and knee.

Jones cites *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000), to support her contention that the ALJ must attempt to order more records before finding a treating physician's opinion to be unsupported. As the magistrate judge's report notes, however, the holding in that case is more qualified:

> [I]f the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, *absent other medical opinion evidence based on personal examination or treatment of the claimant*, the ALJ must seek clarification or additional evidence from the treating physician in accordance with 20 C.F.R. § 404.1512(e).

*Id.* at 453 (emphasis added). Here, the record contained other medical opinion evidence from treating physicians, as noted above.[4] Therefore, the ALJ was not required to request more documents from Young.[5]

---

[4] Jones also cites *Hyde v. Astrue*, No. 07-30748, 2008 U.S. App. LEXIS 10228 (5th Cir. May 12, 2008) (unpublished), to support her broader construction of 20 C.F.R. § 404.1512(e). The language in that case does bolster her construction: "The duty to [recontact the treating physician] is not contingent on the adequacy of the record, but on the adequacy of the report received from the treating physician." *Id.* at *7. Nevertheless, the result in *Hyde* is consistent with our narrower interpretation of the regulation, because the ALJ in that case rejected the views of the only physician to treat the claimant during the relevant time period. *Id.* at *9-10.

[5] The ALJ satisfied his duty to develop a complete record of Jones's medical history under the first clause of 20 C.F.R. § 404.1512(d). In addition, because Jones was represented by counsel and had an opportunity to testify at the hearing regarding her disability, the ALJ was under no additional obligation to make a "reasonable effort" to obtain Young's records, pursuant to the second clause of § 404.1512(d). *See Vine v. Astrue*, No. 3:10-895-BK, 2010 WL 4791487, at *6 (N.D. Tex. Nov. 18, 2010) (holding that the ALJ's "duty to fully develop the record is heightened when the claimant is *pro se* . . . [but] [a]n ALJ may satisfy this heightened duty by asking the claimant about his medical condition, the effectiveness of treatment, how the claimant's daily routine has been affected by his medical problems, his ability to perform various tasks, and by inviting the claimant to include anything else in the record.").

No. 11-30975

III.

Even if we did find that the ALJ was required to request further documentation, we would affirm, because Jones has not met her burden of showing that any error was prejudicial.[6] She has offered no evidence that additional records from Young would have had an effect on the judgment or that they even exist.

The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error.[7] A mere allegation that additional beneficial evidence might have been gathered had the error not occurred is insufficient to meet this burden.[8] But Jones asserts only that "the records and the findings of Young might tip the balance in plaintiff's favor," so she has not met her burden to show that any error was harmful.[9]

The judgment is AFFIRMED.

---

[6] *See Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (noting that "'procedural perfection in administrative proceedings is not required' as long as 'the substantive rights of a party have not been affected'") (citation omitted).

[7] *Carey v. Apfel,* 230 F.3d 131, 142 (5th Cir. 2000); *see also Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").

[8] *Carey,* 230 F.3d at 142 ("This Court will not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure . . . . To establish prejudice, a claimant must demonstrate that he or she could and would have adduced evidence that might have altered the result." (internal quotations and citations omitted)); *see also Castillo v. Barnhart*, 325 F.3d 550, 552 (5th Cir. 2003) ("[The claimant] points to no evidence that would have been adduced and that could have changed the result had [she] been represented by an attorney, and therefore has not demonstrated that she was prejudiced due to the absence of counsel at the hearing." (internal quotations and citation omitted)).

[9] *See Hyde*, 2008 U.S. App. LEXIS 10228, at \*11 ("Something more then a speculative assertion that medical records might exist and might clarify earlier records is necessary, such as perhaps a statement from the doctor that such records exist and do confirm an earlier diagnosis.").