# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20088

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2015

Lyle W. Cayce
Clerk

LORRAINE MCCORD,

      Plaintiff - Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-208

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Lorraine McCord appeals from a final judgment entered by the district court, Judge Sim Lake presiding, which affirmed the Acting Commissioner of Social Security's decision to deny McCord's application for disability insurance benefits and supplemental security income. Finding no error, we affirm.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20088

When her initial claim for benefits and subsequent request for reconsideration were denied, McCord requested and received a hearing before an Administrative Law Judge ("ALJ"). The ALJ reviewed extensive documentary evidence, and heard live testimony from McCord and a vocational expert. Ultimately, the ALJ determined that McCord was capable of performing her previous work as a data entry clerk, or working in another occupation in the national economy, such as an office helper or garment sorter, and therefore concluded that McCord was not disabled as defined by the Social Security Act. McCord appealed the ALJ's decision to the Social Security Administration Appeals Council. The Appeals Council denied McCord's request for review, thus making the ALJ's decision the final word of the Commissioner. McCord next filed suit in district court, seeking review of the final administrative decision denying her disability claim. A federal magistrate judge recommended that McCord's motion for summary judgment be denied and the Commissioner's cross-motion for summary judgment be granted. The district judge adopted the magistrate judge's recommendation. McCord appeals the district court's judgment affirming the Commissioner's decision to deny her application for disability benefits.

Our review of the Commissioner's decision on eligibility is limited to whether it is supported by substantial evidence in the record and whether the Commissioner applied the proper legal standard. 42 U.S.C. §§ 405(g), 1383(c)(3); *Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012). "Substantial evidence is something more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "substantial evidence" standard has also been described as "that quantum of relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* "If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.

2

No. 15-20088

1999) (quotation marks and brackets omitted).  "The court does not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

A careful review of the record in this case, a full consideration of the parties' briefs on appeal, and a thorough analysis of the district court's ruling lead us to conclude that the district court's judgment should be affirmed. Specifically, the ALJ gave sufficient weight to the evidence from McCord's treating physicians, substantial evidence supports the ALJ's determination that McCord's mental impairments did not affect her ability to engage in substantial gainful activity, and the Appeals Council did not commit reversible error when it refused to consider medical evidence from beyond the relevant disability period.  In sum, the district court did not err in affirming the Commissioner's decision to deny McCord disability benefits.

AFFIRMED.