# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 9, 2020

Lyle W. Cayce
Clerk

No. 20-60491
Summary Calendar

Nelson Frederick Jones,

*Plaintiff—Appellant*,

*versus*

Andrew M. Saul, Commissioner of Social Security,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:19-CV-28

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Plaintiff-appellant, Nelson Frederick Jones, applied for and was denied social security disability benefits by the Commissioner of Social Security. The district court affirmed. For the reasons set forth herein, we AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60491

## I.

Jones applied for disability insurance benefits and supplemental security income benefits, alleging that he had been disabled since June 1, 2016, due to left leg problems and spinal problems as well as an enlarged heart and high blood pressure. The Commissioner denied relief.

At Jones's request, a hearing was then held before an administrative law judge ("ALJ"), at which Jones was represented by counsel and both Jones and a vocational expert testified. After reviewing the evidence, the ALJ determined that although Jones's "impairments do result in some functional limitations," Jones was not disabled within the meaning of the Social Security Act (the "Act"). Following the ALJ's decision, Jones requested review by the Appeals Council, which denied the request. Accordingly, the ALJ's decision became the Commissioner's final decision under 42 U.S.C. § 405(g).

Jones then appealed to the district court, where a magistrate judge, sitting by consent of the parties, affirmed the Commissioner's decision. Jones subsequently filed a Motion to Alter or Amend Judgment, which was denied, though the magistrate judge nevertheless issued an Amended Final Judgment, again affirming the Commissioner's decision. Jones timely filed a notice of appeal.

## II.

Our review of a final decision denying social security benefits is limited by 42 U.S.C. § 405(g). Specifically, we review a denial of social security benefits only to determine "whether (1) the decision is supported by substantial evidence and (2) proper legal standards were used to evaluate the evidence." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed."

2

*Id.* Substantial evidence is a deferential standard and requires more than a scintilla of evidence but only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). In determining whether substantial evidence supports the Commissioner's decision, "[w]e may not . . . reweigh the evidence or try the issues de novo." *Martinez*, 64 F.3d at 174. Indeed, it is for the Commissioner—not the courts—to "resolve conflicts in the evidence." *Id.* Finally, the harmless error doctrine applies to social security cases, *see Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1998), and we will not vacate the Commissioner's decision unless the claimant's rights are substantially affected, *see Shineski v. Sanders*, 556 U.S. 396, 407–08 (2009); *Jones v. Astrue*, 691 F.3d 730, 733–34 (5th Cir. 2012).

To be entitled to disability benefits, a claimant must show that he is "disabled" within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995). "Disability is defined as an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment' lasting at least twelve months." *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017) (quoting 42 U.S.C. § 423(d)(1)(A)). To determine disability, the Commissioner engages in a five-step analysis: (1) Is the claimant currently working? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or equal a listed impairment? (4) Does the impairment prevent the claimant from performing past relevant work? (5) Does the impairment prevent the claimant from doing other work? 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Martinez*, 64 F.3d at 173–74.

Before reaching step four in the five-step analysis, the Commissioner makes a determination about the claimant's residual functional capacity ("RFC"), which is a "determination of the most the claimant can still do despite his [or her] physical and mental limitations and is based on all relevant

evidence in the claimant's record." *Kneeland*, 850 F.3d at 754 (quoting *Perez v. Barnhart*, 415 F.3d 457, 461–62 (5th Cir. 2005)) (alteration in original). The RFC determination then guides the next steps of the five-step analysis: whether the claimant can perform his past work or other available work. *Id.*

Despite Jones's argument to the contrary, a review of the record reveals both that the Commissioner's determination that Jones is not disabled under the Act is supported by substantial evidence and that the Commissioner properly considered the evidence. In contesting this determination, Jones brings two challenges. First, he challenges the ALJ's determination that he has a medium RFC, meaning he could "perform[] medium work with some exertional limitation." Second, he challenges the ALJ's determination of his past relevant work. Each argument is discussed in turn.

### A.

Jones argues that the law requires the ALJ to consider carefully all medical opinions, whether from treating, examining, or non-examining physicians, and that, in making the RFC determination, the ALJ failed to consider the opinion of a non-examining physician as required by 20 C.F.R. § 404.1527.[1] Specifically, he argues that the ALJ "improperly found that [he] was capable of performing a range of work at the medium exertional level despite the fact that [a] non-examining physician . . . limited [him] to a light residual functional capacity."

Jones's argument is not persuasive for two reasons. First, as required by the federal regulations, "the ALJ articulate[d] the weight" given to the non-examining and examining physicians' opinions in that she gave the non-

---

[1] That regulation provides, *inter alia*, that, regardless of its source, every medical opinion is evaluated. 20 C.F.R. § 404.1527(c).

examining physicians' opinions "some weight," and the examining physician's opinion "great weight," *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005). The ALJ further explained that in light of "the other clinical findings, [Jones's] testimony, and the medical evidence" as well as the opinion of an examining physician, a medium RFC was "more consistent" with the evidence.

Second, to the extent the ALJ's limited explanation was an error, we consider the error harmless. *See id.* (applying the harmless error doctrine to a social security case); *see also Morris*, 864 F.2d at 335 (observing that "procedural improprieties . . . will . . . constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision"); *Alejandro v. Barnhart*, 291 F. Supp. 2d 497, 515 (S.D. Tex. 2003) (explaining that, in the context of how the ALJ treats the opinions of state agency medical consultants, "courts have . . . declined to reverse and remand on procedural grounds when it is clear that the procedural error did not compromise the decision-making process" and the ALJ's decision is otherwise supported by substantial evidence).

To be sure, it is true that the record includes an opinion from a non-examining physician that would limit Jones to a light RFC and thus conflicts with the other non-examining physician's opinion. But this inconsistency is insufficient to overturn the ALJ's determination on substantial evidence review where, as here, there is more than a scintilla of evidence supporting the ALJ's decision. *See Hammond*, 124 F. App'x at 851–52. For example, the record shows that, among other things, although Jones has reported increased pain with lateral rotation of the cervical spine, he also has a balanced gait, strong grip, normal internal and external rotation of the right and left hips, and a normal range of motion of his lumbar spine. Additionally, the examining physician's opinion observes that "there should be any number of things [Jones] could do." Similarly, one of the non-examining

physician's opinions is consistent with the ALJ's finding that Jones is neither limited to a light RFC nor disabled under the Act. Specifically, that opinion states that Jones has no severe impairments.

Therefore, even if the ALJ erred in her consideration of the physicians' opinions, her decision remains supported by substantial evidence.

*B.*

Jones also asserts that the ALJ's decision is erroneous because the vocational expert misclassified his past relevant work. He argues that his past relevant work should have been classified as an immersion metal-cleaner rather than as a general inspector. This argument is unavailing. As it is Jones's burden to prove his disability, it was his obligation to raise this objection to the vocational expert's classification of his past relevant work at the administrative hearing. *See Villa v. Sullivan*, 895 F.2d 1019, 1023 (5th Cir. 1990); *see also Leggett*, 67 F.3d at 566 ("The ALJ's duty to investigate . . . does not extend to possible disabilities that are not alleged by the claimant or to those disabilities that are not clearly indicated on the record."). But Jones did not do so.

To that end, Jones's argument that his past relevant work was actually as an immersion metal-cleaner is essentially a request for us to reweigh the evidence, which we will not do. *Martinez*, 64 F.3d at 174.

Nor can Jones rely on the record to prevail on this issue given that the vocational expert's testimony was not challenged, is not inherently unreliable, and is not in conflict with the Dictionary of Occupational Titles ("DOT"). As we have previously held, an ALJ may rely on a vocational expert's knowledge of job requirements as her basis for determining a claimant's past work. *See Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000); *Leggett*, 67 F.3d at 565; *see also* 20 C.F.R. §§ 404.1566(e), 416.966(e). In this

No. 20-60491

case, the vocational expert classified Jones's past work as the job of "General Inspector" under DOT, number 609.684-014, which is performed at the light exertional level. Further, Jones's own testimony supported this classification, testifying that his past work was as "an inspector," which involved putting "small engine parts . . . in [a] machine [that] washes them" before giving the parts to other people for processing. As Jones explained, his job was to "ma[k]e sure [the parts] were clean." Additionally, the vocational expert classified Jones's past relevant work as a general inspector as described in the DOT without any modifications, and the DOT classifies the work of a general inspector as a light RFC, which Jones could perform. Accordingly, there is no conflict between the DOT and the vocational expert's testimony. *See Carey*, 230 F.3d at 144 n.2. Similarly, the vocational expert's testimony does not create a conflict between the medium RFC determination and the DOT job description. *See id.*

Therefore, the ALJ did not err in relying on the vocational expert, and the ALJ's decision is supported by substantial evidence.

## III.

For the foregoing reasons, we AFFIRM.