# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 1, 2022

Lyle W. Cayce
Clerk

No. 21-60401

Emma McCray,

*Plaintiff—Appellant*,

*versus*

Kilolo Kijakazi, Acting Commissioner of Social
Security,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:20-CV-00003

Before King, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Emma McCray appeals the district court's affirmance of the Commissioner's denial of Social Security Disability Insurance (SSDI) benefits from the Social Security Administration (SSA).  Because the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60401

Commissioner's decision is supported by substantial evidence, we AFFIRM the judgment of the district court.

## FACTS AND PROCEDURAL HISTORY

McCray applied for a Period of Disability, Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on August 5, 2014. McCray alleged disability beginning on December 1, 2013 due to arthritis, high blood pressure, high cholesterol, and anemia. Her onset date was later amended to December 20, 2014. McCray's application was initially denied. At the time, McCray was 48 years old, had a limited education, completed certified nursing assistant (CNA) training, and had past relevant work experience as a CNA and a home health aide, both semi-skilled jobs. On reconsideration, a hearing was held on January 17, 2017. McCray, her attorney, and a vocational expert (VE) appeared. On July 19, 2017, the Administrative Law Judge (ALJ) issued an unfavorable decision finding McCray not disabled.

McCray subsequently sought Appeals Council review of the ALJ's decision. The Appeals Council remanded the case to the ALJ to further evaluate her mental impairments and further consider her maximum residual functional capacity (RFC). The ALJ held a supplemental hearing on September 14, 2018 and heard the testimony of a VE and a medical expert. On April 26, 2019, the ALJ again found McCray not disabled. The Appeals Council denied review, and the ALJ's decision stands as the Commissioner's final administrative decision, subject to judicial review. The adjudicated period here begins with the alleged onset date, December 20, 2014, and ends on the date of the ALJ's decision, August 26, 2019.

No. 21-60401

On January 6, 2020, McCray requested judicial review in the district court.[1]  Following a hearing, the district court issued a judgment on March 11, 2021, affirming the Commissioner's final decision.  McCray subsequently appealed.

## Standard of Review

Our review of the ALJ's determination is highly deferential.  *Perez v. Barnhart*, 415 F.3d 457, 464 (5th Cir. 2005).  We review only whether the decision is supported by substantial evidence and whether the correct legal standards were applied.  *Id.* at 461; *see also* 42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It is more than a mere scintilla and less than a preponderance."  *Perez*, 415 F.3d at 461 (internal marks and citations omitted).  We scrutinize the record as a whole to determine whether such substantial evidence is present, but we may not reweigh the evidence, substitute our own judgment or resolve conflicts of evidence.  *Id.*; *see also Singletary v. Bowen*, 798 F.2d 818, 822-23 (5th Cir. 1986).

## Discussion

To qualify for disability benefits, a claimant must suffer from a disability.  *See* 42 U.S.C. § 423(d)(1)(A).  "The Social Security Act defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity."  *Copeland v. Calvin*, 771 F.3d 920, 923 (5th Cir. 2014) (internal marks and citation omitted); *see also* 42 U.S.C. § 423(d)(1)(A).  The Commissioner applies a five-step sequential process to determine if a complainant is disabled, as follows:

---

[1] The parties consented to an entry of judgment by the magistrate judge.

3

First, a claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limits his physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment enumerated in the listing of impairments in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the Secretary to establish that the claimant can perform relevant work. If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested.

*Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (internal marks, citations, and alteration omitted); *see also Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002); and 20 C.F.R. §§ 404.1520(a)-(f), 416.920. The claimant bears the burden of proving her disability. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995). The claimant also must prove any alleged error was prejudicial and her substantial rights were affected. *Jones v. Astrue*, 691 F.3d 730, 734 (5th Cir. 2012).

The ALJ proceeded through all five steps and determined that McCray was not disabled within the meaning of the SSA during the relevant time period. McCray argues that the ALJ erred. We disagree.

## I. Whether the ALJ erred in its assessment of the state agency physician.

McCray asserts that the ALJ failed to consider the opinion of Karol Kossman, M.D., that limited her to a sedentary capacity. She says the failure to consider this opinion caused her great prejudice because she would fit within the parameters of the Medical-Vocational Guidelines if she was limited to sedentary work. McCray cites *Kneeland v. Berryhill*, 850 F.3d 749, 760 (5th Cir. 2017), in support of her argument that the ALJ legally erred by

failing to consider Kossman's opinion. McCray points to statements in the ALJ decision regarding two state agency medical consultants, Glenn James, M.D., and Sylvester McDonnieal, M.D., as evidence that the ALJ failed to consider the opinion of Kossman.

In *Kneeland*, this court concluded that the ALJ erred by rejecting a medical opinion of an *examining* physician which conflicted with the ALJ's RFC assessment without explanation. *Kneeland*, 850 F.3d at 759-60. This court also reiterated that a report from a *non-examining* state agency reviewing physician, such as Kossman, does not alone constitute substantial evidence. *Id.* at 761.

McCray also cites *Alejandro v. Barnhart*, 291 F.Supp.2d 497 (S.D. Tex. 2003), for the proposition that the ALJ is not bound by the findings of the state agency medical or psychological consultants but such findings must be considered and the ALJ must explain the weight given. *Id.* at 515. However, the *Alejandro* court was discussing situations where the treating physician's opinion is not accorded controlling weight. *Id.*

The record here fails to establish that the ALJ refused to consider Kossman's position. The ALJ explicitly considered and gave little weight to the opinion of Glenn James, M.D., who offered the same opinion as Kossman that McCray should be limited to a sedentary capacity, because it was not supported by the record. The ALJ also had access to additional medical evidence, exhibits and testimony that arose subsequent to Kossman's opinion. Thus, McCray is unable to establish prejudice, as she must, and any alleged error would be harmless. *Garcia v. Berryhill*, 880 F.3d 700, 704-05 (5th Cir. 2018).

**II. Whether the ALJ erred by declining to order Consultative Examinations thereby failing to adequately develop the record.**

No. 21-60401

The ALJ has a duty to develop the facts fully and fairly in a claim for benefits. *Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001). However, an ALJ may order a consultative examination at its discretion if he determines it is necessary to make a determination on a claim. 20 C.F.R. §§ 404.1519a(b), 416.919a(b); *see also Hardman v. Colvin*, 820 F.3d 142, 148 (5th Cir. 2016). If the ALJ has sufficient facts before him to make a determination, he has no obligation to order additional consultative examinations. *Id*.

McCray asserts that the ALJ failed to order the requested consultative examinations to develop the record. McCray says that new examinations were necessary because some of the existing exams had been done four to six years earlier.[2] McCray alludes to a case without providing a proper citation where the claimant raised a requisite suspicion that such an examination was necessary. But, here, McCray raises no requisite suspicion.

The Commissioner asserts that the ALJ fully developed the record, obtaining three consultative examinations, treatment records pertaining to the entire relevant period, and several medical opinions. The medical expert also found the medical record sufficient to issue an opinion.

McCray is unable to show that the record here was insufficient for the ALJ to make a determination on her claim or that the court erred in failing to order additional consultative examinations.

## III. Whether the ALJ erred by failing to incorporate all of McCray's restrictions into the residual functional capacity.

McCray asserts that there is no support for the RFC that the ALJ assessed to her and that an overwhelming preponderance of the evidence supports a more restrictive RFC. Specifically, McCray asserts that the ALJ

---

[2] Interestingly, Kossman's opinion, upon which McCray argues in issue one, is dated more than four years prior to the ALJ decision.

should have limited her to a range of sedentary work rather than light work. McCray sought to submit additional consultative examinations because prior examinations had been done some years earlier.[3] She appears to be arguing that her conditions worsened after her Medicaid coverage was terminated and she could no longer afford her medication. However, she acknowledges that she was able to provide testimony to that effect.

The Commissioner asserts that McCray's subjective complaints and mild findings do not support a more restrictive RFC. The Commissioner also references specific record evidence supporting the finding that she was able to perform light work activity. We agree that substantial evidence within the relevant period supports the ALJ's findings.

Accordingly, the judgment is AFFIRMED.

---

[3] Again, see issue one.